THE ATLANTIC NATIONAL BANK OF JACKSONVILLE, A CORPORATION ORGANIZED AND EXISTING UNDER THE BANKING LAWS OF THE UNITED STATES, *Appellant*, v. FREDERICK R. PRATT, AS RECEIVER OF THE BANK OF SOUTH JACKSONVILLE, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellee*.

Division B.

Opinion Filed April 26, 1928.

*Baker, Baker & Rutherford,* for Appellant;

*Walter F. Rogers* and *Thomas K. Shuff, Jr.,* for Appellee.

WHITFIELD, P. J.—The amended bill of complaint in effect alleges that the Bank of South Jacksonville was the regular correspondent of the complainant the Atlantic National Bank; that on January 10, 1927 and January 11, 1927, the complainant sent to the Bank of South Jacksonville "for collection and remittance in accordance with the usual custom between" the two banks, checks and other items payable by and at or drawn on the Florida Southside Bank; that on December 31, 1926, complainant sent to the South Jacksonville Bank "for collection and remittance," a draft due January 10, 1927; that on January 10, 1927, the draft was paid to the Bank of South Jacksonville by check on the Florida Southside Bank; that on the 11th and 12th of January, 1927, the Bank of South Jacksonville collected from the Florida Southside Bank all of said items or checks and collected and actually received from the Florida Southside Bank $11,171.70 in payment for said items and checks; that the said Bank of South Jacksonville sent complainant in payment of said items its checks or drafts payable to complainant, drawn on its New York correspondent and on complainant, and at the same time sent complainant its checks or drafts drawn on the Barnett National Bank of Jacksonville, a national banking corpora-

tion, on the Peoples Bank of Jacksonville, to make good its check or draft on complainant. That said checks or drafts drawn on the said Barnett National Bank of Jacksonville and on said Peoples Bank of Jacksonville were each dishonored by the said bank refusing to pay the same, and said New York draft was likewise dishonored. The said Bank of South Jacksonville did not have the funds to its credit with complainant to pay the check or draft drawn on complainant unless the checks or drafts drawn on the said Barnett National Bank of Jacksonville and the said Peoples Bank Jacksonville were paid. That on the 13th day of January, 1927, the said Bank of South Jacksonville closed its doors. Frederick R. Pratt was appointed receiver for said bank. That the said Bank of South Jacksonville is insolvent and was insolvent both at the time it received and at the time it collected the aforesaid checks from the said Florida-Southside Bank, and complainant did not know that the said Bank of South Jacksonville was insolvent at said time; that complainant has made demand on the defendant receiver for the said sum of Eleven Thousand One Hundred Seventy-one and 70/100 Dollars ($11,-171.70) as preferential claim, payable before the unsecured claims against the said Bank of South Jacksonville are paid. Complianant further claims that it has a preference on the assets of the said Bank of South Jacksonville for the payment of the items herein mentioned. But the defendant, as receiver as aforesaid, has refused to allow complainant's claim for said items as a preferential claim and to pay same before paying the unsecured claims. That the claim of complainant has been admitted by the defendant as a lawful and just claim against the assets in his hands, except as to the preference of said claim; that the money received by the Bank of South Jacksonville from the said Florida-Southside Bank was received by said bank as a trust fund

and that title to said checks at no time passed to the said Bank of South Jacksonville; and that the amount of money so collected by the said Bank of South Jacksonville swelled the funds of the said Bank of South Jacksonville that the relation of debtor and creditor did not arise between complainant and the said Bank of South Jacksonville by reason of said collections.

By amendments it is alleged that the said Bank of South Jacksonville had with complainant a real credit balance of Eleven Hundred Seventeen and 94/100 Dollars ($1,117.94) on the 13th day of January, 1927, at the time its affairs were taken over by the comptroller.

And by further amendment the bill of complainant alleges that it was the custom and understanding between complainant and the said Bank of South Jacksonville at the time the items heretofore mentioned were sent to said Bank of South Jacksonville for collection, that said Bank of South Jacksonville should remit to complainant the amount of money collected each day on the day the same was collected. That there was no understanding by agreement of custom between the said Bank of South Jacksonville and complainant that complainant should give any credit or allow the said Bank of South Jacksonville any latitude in the time of remitting for items sent for collection by complainant. That complainant kept no account with the said Bank of South Jacksonville and had no credit balance with said Bank of South Jacksonville; and there were no reciprocal or mutual accounts of any kind between complainant and the said Bank of South Jacksonville.

The prayer is that complainant be decreed a preferential claim over unsecured creditors of the Bank of South Jacksonville and for general relief.

The defendant receiver demurred on grounds that:

1. Said last amendment adds no new matter and is immaterial and irrelevant.

2. The issues attempted to be raised by said amendment have already been decided by this court in this cause adverse to complainant.

3. Said amended bill of complaint shows on its face that complainant is not entitled to a preference.

4. It does not appear that complainant is able to trace and locate any trust fund.

5. It appears from the allegations of said amended bill of complaint that complainant is a general and not a preferred creditor.

6. It appears from the allegations of said amended bill of complaint that title to said check and its proceeds passed to the Bank of South Jacksonville and that the relation of principal and agent has ended.

7. It appears from the allegations of said bill of complaint that said Bank of South Jacksonville was used by the complainant as its collecting agent for many items and was authorized to collect and mingle funds, and that said Bank of South Jacksonville was indebted to the complainant upon a balance of accounts and was under no obligation to forward to the complainant any specific funds.

8. It appears from the allegations of the amended bill of complaint that complainant accepted from said Bank of South Jacksonville the draft or check of said Bank of South Jacksonville in payment of the items mentioned in the amended bill of complaint.

The court sustained the demurrer on the 3rd, 5th, 6th, and 7th grounds.

The complainant appealed.

Where A. bank remits to B. bank several items of negotiable paper ''for collection and remittance according to

the custom and understanding between" the banks, viz.: that B. bank should remit to A. bank "the amount of money collected each day on the day the same was collected," and B. bank collects the several items from other banks or persons and remits to A. bank checks of B. bank on other banks for the amounts of the collections, but such checks are not paid in due course because of the failure of B. bank after making the collections and after remitting its checks therefor, but before the checks of B. bank are paid, and there was no commingling of funds by consent and no reciprocal accounts or deposits between the two banks, B. bank having an account with a balance to its credit with A. bank but A. bank having no account with B. bank, A. bank is entitled to a preference in payment by the receiver of B. bank for the collections made. See State Nat. Bank of Little Rock v. F. N. Bk. of Achison Kan. 124 Ark. 531, 187 S. W. Rep. 673; Bank of Poplar Bluff v. Mills Pough, 313 Mo. 412, 281, S. W. Rep. 733; Fed. Res. Bk. of Rich. v. Peters 139 Va. 45, 123 S. E. Rep. 379, 42 A. L. R. 742.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.